JUSTICE GRAY,
specially concurring.
I concur in the result reached by the Court, namely, that the construction workers on the Edsall and Barnard Tunnel projects are entitled to be paid at heavy and highway construction wage rates. I do not agree with all that is said by the Court in reaching that result or with the Court’s approach to the statutory definition of “heavy and highway construction wage rates.”
I do agree with the Court that the “such as” language in the § 18-2-401(5), MCA, listing of projects requiring heavy and highway construction wage rates reflects a legislative intent that the list be inclusive rather than exclusive. Stated differently, the “such as” list is merely illustrative of the types of projects properly designated *158 “heavy and highway construction” projects. That being the case, it is unnecessary for the Court to “force feed” the Edsall and Barnard Tunnel projects into one of the actual categories listed in § 18-2-401(5), MCA, and that approach results in a somewhat strained interpretation that these projects are “utility rights of way.”
Given the inclusive rather than exclusive listing contained in § 18-2-401(5), MCA, all that is necessary to conclude that the workers in this case are entitled to heavy and highway construction wage rates is to establish that the projects are of the same type or nature as those listed in the statute. Here, that is a relatively easy task.
The projects involved the demolition of existing, and construction of new, sidewalks and roads. Thus, in the language of the statute, they can be likened to heavy and highway construction projects involving “alteration or repair of roads, streets ... [or] trails....” More importantly, they involved underground tunnel work much more similar to utility pipeline and power line proj ects than to conventional building construction projects for which heavy and highway construction wage rates are not required. In addition, of course, the formal names of the Edsall and Barnard Tunnel projects — “Engineering/Physical Sciences Building, Utility Tunnel” and “Underground Utility Phase II, Montana State University,” respectively — reflect that the projects were utility-type projects. That the projects were not located on utility rights of way does not change the nature of the projects.
I would conclude that the Edsall and Barnard Tunnel projects are of the same type and nature as the projects listed in § 18-2-401(5), MCA, for which heavy and highway construction wage rates are required. For that reason, I join the Court in reversing the District Court.